# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| FIRST NATIONAL REPOSSESSORS, INC.; and DON MASHAK, Personally, and as President of FNR, | Case No. 18-CV-2635 (SRN/SER) |
| Plaintiffs, | **REPORT AND RECOMMENDATION** |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | |
| Defendant. | |

In an order dated September 27, 2018, this Court denied the application to proceed *in forma pauperis* ("IFP") of plaintiffs First National Repossessors, Inc. ("FNR") and Don Mashak on the grounds that FNR was ineligible to proceed IFP. *See* ECF No. 5. Plaintiffs were given 20 days to pay the required $400.00 filing fee, failing which it would be recommended that this action be dismissed without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b). That deadline was later extended to November 19, 2018. *See* ECF No. 7.

That deadline has now passed, and plaintiffs have not yet paid the required filing fee. Accordingly, this Court now recommends, in accordance with its prior order, that this action be dismissed without prejudice under Rule 41(b) for failure to prosecute. *See Henderson v. Renaissance Grand Hotel*, 267 Fed. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a

1

plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order."). A few further comments are necessary, however.

First, Mashak previously requested an extension of time in which to pay the required filing fee in this matter. In a letter sent to the Court before that request was granted, Mashak asked that, should the extension *not* be granted, FNR be removed from this litigation and the IFP application be reconsidered. *See* ECF No. 7. Mashak expressly noted that "[i]f said request for additional time is granted, this request [to remove FNR from the litigation] is rescinded." *Id*. at 1. Mashak's motion for an extension to pay the filing fee was granted; accordingly, FNR remains a party to this litigation. And because FNR remains a party to this action, neither plaintiff is eligible for IFP status, for the reasons explained in this Court's September 27 order.

Second, Mashak asks that this Court ignore the statutory requirement that only natural persons may proceed IFP due to the extraordinary nature of the allegations in the complaint. *See* ECF No. 16. The Court is not free to disregard the plain language of the IFP statute, *see* 28 U.S.C. § 1915, or the clear direction of the Supreme Court that "only a natural person may qualify for treatment *in forma pauperis* under § 1915."[1] *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 196 (1993).

Third, Mashak was referred to the Federal Bar Association ("FBA") for possible assistance by a volunteer attorney. *See* ECF No. 8. The FBA declined to assist Mashak.

---

[1] Even if the plaintiffs were each eligible for IFP status, this Court would recommend dismissal of the action. *See* 28 U.S.C. § 1915(e)(2)(B). The complaint filed in this action is nearly impossible to follow, full of irrelevancies and invective, and in many respects frivolous.

*See* ECF No. 13.  Mashak asks that the Court investigate "perceived irregularities" at the FBA.  *See* ECF No. 12.  But the FBA — which provides *volunteer* assistance — had no obligation to assist Mashak and could decline intervention for any reason or no reason whatever.  This Court has not *appointed* counsel to assist Mashak and would decline to do so had such a request been made.

Fourth, Mashak asks that this Court order unsealed certain records from state court proceedings that he argues are relevant to this action.  *See* ECF No. 11.  The request is moot in light of the recommendation of dismissal.

### RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED that this action be DISMISSED WITHOUT PREJUDICE under Fed. R. Civ. P. 41(b) for failure to prosecute.

Dated: December 4, 2018December 4, 2018                                s/ *Steven E. Rau*

Steven E. Rau
U.S. Magistrate Judge

### NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).