# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| FIRST NATIONAL REPOSSESSORS, INC.; and DON MASHAK, Personally, and as President of FNR, | Case No. 18-CV-2635 (SRN/SER) |
| Plaintiffs, | **ORDER** |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | |
| Defendant. | |

Plaintiffs First National Repossessors, Inc. ("FNR") and its president, Don Mashak, applied for *in forma pauperis* ("IFP") status at the outset of this litigation. Because "only a natural person may qualify for treatment *in forma pauperis* under [28 U.S.C.] § 1915," *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 196 (1993), FNR could not be allowed to proceed IFP. And because one plaintiff, FNR, was ineligible to proceed IFP, so too was Mashak, at least so long as FNR remained a party to this action. *See Anderson v. California*, No. 10 CV 2216 MMA (AJB), 2010 WL 4316996, at *1 (S.D. Cal. Oct. 27, 2010) (explaining that "if multiple plaintiffs seek to proceed *in forma pauperis*, each plaintiff must qualify for IFP status."). Since FNR could not proceed IFP, it would be required to pay the filing fee, regardless of whether Mashak could not afford to do so. Plaintiffs were therefore provided an opportunity to pay the required filing fee and proceed as non-IFP litigants or,

1

alternatively, reconstitute this litigation so that Mashak could proceed IFP, failing which the matter would be dismissed for failure to prosecute. When plaintiffs refused to pay the filing fee or remove FNR, the action was dismissed without prejudice.

Mashak now seeks IFP status on appeal from the dismissal of this action. *See* ECF No. 33. That IFP application will also be denied, though on a different basis. By all appearances, only Mashak, not FNR, intends to prosecute the appeal. *See* Notice of Appeal [ECF No. 28]. Mashak's IFP application before this Court was denied because of FNR's presence in the litigation. Because FNR is not a party to the appeal, Mashak can now qualify for IFP status; he alone is responsible for the filing fee that he attests he cannot pay, and § 1915 permits natural persons to proceed IFP where the filing fee cannot be paid.

This does not end the inquiry, however. A party may not proceed IFP on appeal if the district court "certifies that the appeal is not taken in good faith." Fed. R. App. P. 24(a)(3)(A). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). An appeal is frivolous, and thus cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Mashak's appeal is frivolous. FNR simply could not proceed IFP, *see Rowland*, 506 U.S. at 196, and because FNR could not proceed IFP, neither could Mashak so long as FNR remained a party to this action. Because Mashak refused to either pay the filing fee or voluntarily dismiss FNR from the litigation, this matter was dismissed without

2

prejudice. The inability of entities that are not natural persons to proceed IFP is established both by statute and Supreme Court precedent. Nothing Mashak argues on appeal can overcome those hurdles. His appeal therefore lacks an arguable basis in law and cannot be said to be taken in good faith. Mashak's IFP application is denied on that basis.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED that the application to proceed *in forma pauperis* on appeal of plaintiff Don Mashak [Doc. No. 33] is DENIED.

Dated: February 28, 2019                                s/Susan Richard Nelson
                                                                               SUSAN RICHARD NELSON
                                                                               United States District Judge